```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
JEAN CARLOS RESTITUYO SANCHEZ,                                          :
                                                                        :
                              Plaintiff,                                :
                                                                        :        25-CV-175 (JMF)
               -v-                                                      :
                                                                        :        MEMORANDUM OPINION
JEMKAY CONSTRUCTION CORP, et al.,                                       :        AND ORDER
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Jean Carlos Restituyo Sanchez, the superintendent of a building in the Bronx, New York, from May 2022 through October 2024, brings wage-and-hour claims under federal and state law against Defendants JemKay Construction Corp, EK Realty LLC, and Jacob Eisenstein. *See* ECF No. 1 ("Compl."). Complicating matters, however, from October 2022 until November 2024, the building where Sanchez worked was under the oversight of a receiver appointed by the New York Supreme Court, Bronx County, in connection with a foreclosure proceeding. *See* ECF No. 20-5. That receiver was authorized to obtain the assistance of a property manager, and the Court appointed Eisenstein and EK Realty to play that role during the receivership. *See* ECF No. 20-6 at 7.[1] The question presented here, raised by way of Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see* ECF No. 13, is whether, under a rule known as the *Barton* doctrine, Sanchez is required to obtain approval from the Court that appointed Eisenstein and EK Realty before proceeding here.[2]

---

[1]   References to page numbers in ECF No. 20-6 are to the page numbers automatically generated by the Court's Electronic Case Filing ("ECF") system.

[2]   Sanchez contends that Defendants should have moved to dismiss pursuant to Rule

The *Barton* doctrine derives from *Barton v. Barbour*, 104 U.S. 126, 136-37 (1881), in which the Supreme Court recognized a "general rule that before suit is brought against a receiver leave of the court by which he was appointed must be obtained," *id*. at 128. The doctrine (which has been extended to bankruptcy cases) is based on the principle that a receiver (or a bankruptcy trustee) "is an officer of the court that appoints him." *In re Lehal Realty Assocs.*, 101 F.3d 272, 276 (2d Cir. 1996) (citations omitted). It "is intended to protect the [appointing] court's 'overriding interest in [the] administration of the estate.'" *McIntire v. China MediaExpress Holdings, Inc.*, 113 F. Supp. 3d 769, 773 (S.D.N.Y. 2015) (quoting *Lehal Realty Assocs.*, 101 F.3d at 277). It also "gives effect to the appointing court's strong interest in protecting the [receiver] from personal liability for acts taken within the scope of the [receiver's] official duty." *In re Endo Int'l plc*, No. 22-22549 (JLG), 2025 WL 272853, at *6 (Bankr. S.D.N.Y. Jan. 22, 2025) (citing *Lehal Realty Assocs.*, 101 F.3d at 277). "Accordingly, the *Barton* Doctrine applies to all types of litigation against a [receiver], including declaratory and injunctive relief and a claim for damages." *Id.* (internal quotation marks omitted).

Here, Sanchez does not dispute either the appointment of a receiver or his failure to obtain leave of the state court that appointed him before bringing this suit. Instead, he contends that the *Barton* doctrine does not apply because, before he filed suit, the foreclosure proceedings ended, the receivership was terminated, and the property was sold. Pl.'s Mem. 7-10. As Defendants concede, *see* ECF No. 21 ("Defs.' Reply"), at 4, that contention finds some support in decisions by the Eleventh Circuit, which has held that "the *Barton* doctrine has no application

---

12(b)(1) rather than Rule 12(b)(6) because the *Barton* doctrine is jurisdictional. *See* ECF No. 19 ("Pl.'s Mem."), at 9 n.33. As discussed below, however, the Court disagrees. In any event, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Accordingly, whether Defendants rely on the right rule is immaterial.

when jurisdiction over a matter no longer exists in the [appointing] court" because the claims issue could have "no conceivable effect" on the estate, *Chua v. Ekonomou*, 1 F.4th 948, 953 (11th Cir. 2021) (quoting *Tufts v. Hay*, 977 F.3d 1204, 1209-10 (11th Cir. 2020)). But the weight of authority — which includes the decisions of at least four other courts of appeals — holds that the doctrine applies even where, as here, the receivership has terminated. *See Satterfield v. Malloy*, 700 F.3d 1231, 1236-37 (10th Cir. 2012); *In re Crown Vantage, Inc.*, 421 F.3d 963, 972 (9th Cir. 2005); *Muratore v. Darr*, 375 F.3d 140, 147 (1st Cir. 2004); *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998); *see also Peia v. Coan*, No. 3:05-CV-1029 (SRU), 2006 WL 798873 at *2 (D. Conn. Mar. 23, 2006). As these courts have explained,

> [N]either the language of the case law interpreting the rule, nor the purpose of the rule suggest that it should not apply when the underlying . . . proceedings have closed. . . . Additionally, the weighty, institutional concerns addressed by the *Barton* Doctrine are relevant whether or not the . . . proceeding is ongoing when an individual files a lawsuit against the [receiver]. That is to say, a court has a strong interest in overseeing and correcting the conduct of its officers and preventing those officers from being brought to court on frivolous charges.

*Peia*, 2006 WL 798873, at *2 (cleaned up). The Court finds that reasoning persuasive and, thus, follows the majority view. That conclusion is further supported by the fact that the Second Circuit has emphasized that a principal purpose of the *Barton* doctrine is to protect a receiver or trustee "from unjustified personal liability for acts taken within the scope of his official duties," *Lehal Realty Assocs.*, 101 F.3d at 276, which strongly suggests that, when confronted with the issue, it too will follow the majority view.

Sanchez makes one other argument for avoiding the *Barton* doctrine here — namely, that it does not apply because this suit is not against the receiver himself, *see* Pl.'s Mem. 10-12 — but it is easily rejected. It is well established that the doctrine extends to the agents and professionals hired by a receiver to perform his or her official duties. *See, e.g., Peia*, 2006 WL 798873 at *1 (holding the doctrine extends to attorneys

3

representing the estate); *In re MF Global Holdings Ltd.*, 562 B.R. 866, 876 (Bankr. S.D.N.Y. 2017) ("[T]he *Barton* Doctrine protects parties assisting a trustee in pursuing its objectives . . . ."); *see also, e.g.*, *In re DeLorean Motor Co.*, 991 F.2d 1236, 1241 (6th Cir. 1993) (adopting the "functional equivalent" test for the *Barton*'s doctrine's application to agents of the receiver). EK Realty and Eisenstein, who were appointed by the Bronx court as property managers and acted as agents of the receiver, fall comfortably within the scope of those protected by the doctrine. Accordingly, the Court agrees with Defendants that the *Barton* doctrine does indeed apply to this case and that Sanchez violated the doctrine by not obtaining leave of the state court before bringing this suit.

 Less clear are the implications of these conclusions for Sanchez's case. Most courts have held that the *Barton* doctrine is jurisdictional, *see, e.g.*, *Siomkos v. Beckerman*, No. 25-CV-4103 (DEH), 2025 WL 1489761, at *3 (S.D.N.Y. May 23, 2025); *McIntire*, 113 F. Supp. 3d at 774; *Peia*, 2006 WL 798873 at * 2, in which case dismissal of Sanchez's case (at least in part) would be required. But that view is hard to square with the Supreme Court's efforts in recent years "to bring some discipline to the use of the term jurisdiction," *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) (internal quotation marks omitted) (citing cases), as the common-law *Barton* doctrine does not speak to "a tribunal's power to hear a case," *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 254 (2010) (internal quotation marks omitted). Accordingly, the Court agrees with those courts that have held that the "[f]ailure to obtain permission from the appointing court to sue a temporary receiver does not affect the jurisdiction of a federal court to hear the case; it is rather, a condition precedent." *Blanchard v. Landis*,

4

No. 02-CV-0053 (RCC), 2002 WL 1933819, at *2 (S.D.N.Y. Aug. 20, 2002); *accord Halpern v. Wilf*, No. 99-CV-10984 (JGK), 2000 WL 1277300 at *5 (S.D.N.Y. Sept. 8, 2000). Thus, when confronted by such a failure, a court may pursue any of three options: "(1) allow the action to continue subject to the later order of the appointing court; (2) stay the action pending an application to the court for leave *nunc pro tunc*; or (3) dismiss the action without prejudice to recommencement after such leave had been obtained." *Blanchard*, 2002 WL 1933819, at *2 (internal quotation marks omitted).

The parties shall appear for a conference with the Court on **June 12, 2025**, at **3:00 p.m.** to address which of these options is appropriate here, mindful that (1) as Sanchez notes, *see* Pl.'s Mem. 12-13, and Defendants concede, *see* Def.'s Reply 6, the *Barton* doctrine does not extend to Defendant JemKay Construction Corp., as it was "never appointed as receiver, property manager, or any other position with respect to the Mortgaged Property," Pl.'s Mem. 13; and (2) as Sanchez notes, the claims at issue relate in part to time periods before the court's appointment of a receiver, let alone the court's appointment of EK Realty and Eisenstein as property managers, *see id.* at 13-14. During the conference, the parties should be prepared to address the process and timing for seeking and obtaining leave of the state court to proceed with Sanchez's claims.

The conference will be held remotely by telephone in accordance with Rule 3(B) of the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman. The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again. Counsel should review and comply with the rules regarding

5

teleconferences in the Court's Individual Rules and Practices in Civil Cases, including Rule 3(B)(i), which requires the parties, **no later than 24 hours before the conference**, to send a joint email to the Court with a list of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call.

    The Clerk of Court is directed to terminate ECF No. 13.

    SO ORDERED.

Dated: June 4, 2025
       New York, New York

                                            JESSE M. FURMAN
                                           United States District Judge